IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| (1) JAMEEL F. KALIMAH, INDIVIDUALLY, AND AS ADMINISTRATOR OF THE ESTATE OF CATHEY JO HOWARD-KALIMAH, DECEASED AND AS NEXT FRIEND OF SYED A. KALIMAH AND REGYNA Q. HOWARD, MINORS; (2) ANNIE MARIE MCDONALD AND (3) RUDOLPH WINFRED MCDONALD<br><br>Plaintiffs,<br><br>v.<br><br>(1) THE CITY OF MCKINNEY, TEXAS, (2) JOYCE VANDERTUIN, AND (3) ADT SECURITY SERVICES, INC.<br><br>Defendants. | §§§§§§§§§§§§§§§§§§§§ CIVIL ACTION NO.: 2-02CV-22 |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COME NOW, JAMEEL F. KALIMAH, Individually, and as Administrator of the Estate of Cathey Jo Howard-Kalimah, Deceased, and as Next Friend of Syed A. Kalimah and Regyna Q. Howard, Minors; Annie Marie McDonald and Rudolph Winfred McDonald, (collectively "Plaintiffs") in the above-entitled and numbered cause of action, and file this Complaint against The City of McKinney, Texas, Joyce VanDertuin and ADT Security Services, Inc., Defendants, and would respectfully show the Court as follows:

**PLAINTIFFS' ORIGINAL COMPLAINT**   1

# I.
# PARTIES

1. The Plaintiffs

1.a   Plaintiff, Jameel F. Kalimah is the surviving husband of Cathey Jo Howard-Kalimah, Deceased and the father of Syed A. Kalimah and Regyna Q. Howard, his minor children. Cathey Jo Howard-Kalimah, Deceased was the natural mother of both children. Plaintiff, Jameel F. Kalimah, institutes this action individually, and as Administrator of the Estate of his deceased wife, and as next friend of his minor children. Plaintiff, Annie Marie McDonald, is the natural mother of Cathey Jo Howard-Kalimah and Plaintiff, Rudolph Winfred McDonald, is the natural father of Cathey Jo Howard-Kalimah.

1.b   The Plaintiff, Jameel F. Kalimah and his children are residents of the Eastern District of Texas.

1.c   The Plaintiff, Annie Marie McDonald is a resident of Sylva, North Carolina.

1.d   The Plaintiff, Rudolph Winfred McDonald is a resident of Byson City, North Carolina.

2. The Defendants

2.a   The Defendant, The City of McKinney, Texas, ("The City"), operates the McKinney Police Department and is legally responsible for the actions of its officers, is a municipal corporation which is located in Collin County, Texas and may be served with process by serving the City Secretary at 222 N. Tennessee St., McKinney, Texas, 75069.

2.b   The Defendant, Joyce VanDertuin, ("VanDertuin") is an individual who is a citizen of Texas and a resident of the Eastern District of Texas. She may be served with process at The McKinney Police Department, 130 S. Chestnut St., McKinney, Texas, 75069.

2.c  The Defendant, ADT Security Services, Inc., ("ADT") is a corporation that is incorporated under the laws of the State of Delaware, and that regularly and systematically conducts business throughout the Eastern District of Texas. Defendant ADT may be served with process through its registered agent, CT Corporation System, 350 N. St. Paul St., Dallas, Texas, 75201.

## II.
## JURISDICTION

3.  The Court has jurisdiction because this action arises under 42 U.S.C. 1983 and seeks redress of violation of the Plaintiffs' constitutional rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

## III.
## CONDITIONS PRECEDENT

4.  All conditions necessary for the maintenance of this action have been performed or have occurred.

## IV.
## FACTUAL BACKGROUND

5.  On June 5, 2001, Plaintiff, Jameel F. Kalimah lived with his wife, Cathey Jo Howard-Kalimah, and his children, Syed A. Kalimah and Regyna Q. Howard, at their residence located at 1820 Meadows Ranch Road, in McKinney, Collin County, Texas. At all times relevant to this action, Jameel Kalimah had a contract and agreement with the Defendant ADT Security Services, Inc., to provide monitoring of the security system in his residence. At approximately 1:11 p.m., on June 5, 2001, Jameel Kalimah received a telephone call from Defendant, ADT advising him that the burglar alarm in his residence had been activated and requesting that he go to his home to meet the police. Mr. Kalimah advised ADT that he was a considerable distance away from his home, but

would contact his wife, Cathey Jo Howard-Kalimah, and attempt to have her meet the police officer at their residence. Prior to contacting Jameel Kalimah, ADT had previously contacted the McKinney Police Department and advised them of the burglar alarm. ADT did not advise the McKinney Police Department that it had requested Mr. Kalimah or his wife to meet the police at their home.

6.   The McKinney Police Department assigned Officer Joyce VanDertuin to answer the call. Upon her arrival, Officer VanDertuin parked her police vehicle in front of the residence and voluntarily positioned herself in a location where she could not see the front of the house or vehicles or persons coming in or out of the driveway. Officer VanDertuin immediately drew her service weapon, a .40 caliber Glock semi-automatic pistol. Instead of waiting for the arrival of a back-up officer, Officer VanDertuin with her gun drawn, approached the rear of the residence and opened an unlocked patio door again setting off the burglar alarm. Although Officer VanDertuin knew that she had located an open door on the residence, she again did not wait for the arrival of back-up officers or assistance before again approaching the house.

7.   Meanwhile, Cathey Jo Howard-Kalimah, as requested by ADT, arrived at her home, parked her vehicle in the driveway, opened the garage door and proceeded into the house through a hallway between the garage and kitchen. Cathey Jo Howard-Kalimah manually disarmed the alarm system and proceeded toward the patio door to let Officer VanDertuin into the house. At this time Officer VanDertuin directed her weapon toward Cathey Jo Howard-Kalimah and fired a shot through the patio door which struck Cathey Jo Howard-Kalimah in the chest, penetrated her lung and spinal column, and exited through her back. Cathey Jo Howard-Kalimah collapsed on the breakfast room floor and subsequently died. Cathey Jo Howard-Kalimah at all times relevant to this incident was unarmed, was guilty of no offense and represented no threat whatsoever to Officer VanDertuin or

anyone else. Nonetheless, Cathey Jo Howard-Kalimah was arrested and seized by Officer VanDertuin by the use of deadly force. At all times relevant to this action, the Defendant Joyce VanDertuin was acting within the scope and course of her employment as a police officer for The City of McKinney, Texas, and its police department.

8. The Defendant VanDertuin used unreasonable, unnecessary and grossly and wantonly excessive force while investigating a call at Cathey Jo Howard-Kalimah's home and while arresting or attempting to seize or detain Cathey Jo Howard-Kalimah by discharging a .40 caliber bullet into the body of Cathey Jo Howard-Kalimah when she had no justification or provocation for doing so. The amount of force used by the Defendant VanDertuin was, and is, outrageous and objectively unreasonable in light of the circumstances. The injuries suffered as a result by Cathey Jo Howard-Kalimah as previously stated, were significant, substantial, severe and caused her death.

9. At the time of the conduct in question, including the arrest and seizure of Cathey Jo Howard-Kalimah, the Defendant VanDertuin was acting under color of the laws and regulations of the State of Texas and The City of McKinney Police Department. The City of McKinney Police Department had policies and/or customs in existence that enabled police officers to act with deliberate indifference to the constitutional rights of individuals, tolerated misconduct by its officers and encouraged misconduct of its officers by failing to adequately supervise or discipline its officers and by failing to properly investigate and prosecute misconduct by its police officers.

10. Shortly after the shooting, other members of the McKinney Police Department arrived or were dispatched to the location for various purposes including ostensibly to investigate the circumstances of the killing. Almost from the outset, investigating officers and their supervisors did not conduct an honest or objective investigation, but instead engaged in a course of conduct that was

11.     The actions of the Defendant VanDertuin and the established policies, customs or procedures of the McKinney Police Department violated Cathey Jo Howard-Kalimah's clearly established rights under the Constitution of the United States: (1) to be free from unreasonable searches of her residence or seizure of her person under the Fourth Amendment; (2) to be free from the use of unreasonable, unnecessary and excessive force under the Fourth, Fifth and Fourteenth Amendments; and (3) the right to be free of the unlawful taking and conversion of her property and the property of her family without due process of law as guaranteed by the Fifth and Fourteenth Amendments.

## VI.
## COUNT TWO

### Conspiracy to Violate 42 U.S.C. Section 1983 as to Defendants The City of McKinney and Joyce VanDertuin

15.     The Defendant, VanDertuin acted willfully, deliberately, maliciously, and with reckless disregard for Decedent's constitutional rights. The Defendant, The City of McKinney, Texas, through its police department allowed, permitted and encouraged VanDertuin's willful, deliberate, malicious and reckless acts in disregard for the Plaintiffs' constitutional rights. Moreover, immediately after the occurrence in question, Defendant VanDertuin and The City of McKinney Police Department formed and carried out a conspiracy to conceal the actual facts of the occurrence and to thereby insulate The City of McKinney and Officer VanDertuin from liability. During the course of this conspiracy, Defendant VanDertuin gave false and conflicting reports concerning her actions and motivation, and gave one or more false reports to investigating law enforcement officer(s) to attempt to exonerate herself and to avoid responsibility for her action. The City of McKinney, in an effort to assist Officer VanDertuin and insulate itself from liability, did not

properly investigate the incident or properly supervise or discipline Officer VanDertuin or the officers involved in its investigation.

## VII.
## COUNT THREE

### Taking of Property without Due Process of Law as to the Defendant The City of McKinney

16. The Defendant, The City of McKinney through its police department obtained and is presently holding certain items of property belonging to the Kalimah family which are of obvious evidentiary value to the case, and despite the request of the Kalimah's attorneys, have refused to return this property. This action is taken despite the fact that its criminal investigation is closed and that its investigation of the officer is also closed. The items include the door and hardware on the door through which Cathey Jo Howard-Kalimah was shot, the blinds or window coverings that were located on the door, portions of the wall and other items of property belonging to the Kalimahs. The actions of The City of McKinney constitute a taking of this property without due process of law, and without compensation are additional violations of the Plaintiffs' civil rights under the Fifth and Fourteenth Amendment to the Constitution of the United States.

## VIII.
## COUNT FOUR

### Negligence as to ADT

17. The Defendant, ADT independent of its contractual relationship with the Kalimahs, requested the Kalimahs to come to the residence to meet the police and undertook to provide the police with certain information regarding the Kalimah family's security. The Defendant ADT thereby gratuitously undertook to provide services to the Kalimah family by providing such

**PLAINTIFFS' ORIGINAL COMPLAINT**                                                                 8

information to third persons. The Defendant ADT was negligent and malicious in performing these duties which negligence was a proximate cause of the death of Cathey Jo Howard-Kalimah and the damages sustained by the Plaintiffs as will hereinafter be alleged with particularity.

## IX.
## COUNT FIVE

### State Claims of Assault, Battery and Negligence as to the Defendant VanDertuin

18. Plaintiffs would show that the acts and conduct of Defendant VanDertuin constituted an unlawful assault and battery on the body of Cathey Jo Howard-Kalimah without justification, provocation or excuse and are thereby independently actionable under Texas law. In addition, the Plaintiffs would show in the alternative, the acts and conduct of Defendant VanDertuin were negligent and malicious in that they were taken in reckless and heedless disregard of the rights, safety and welfare of Cathey Jo Howard-Kalimah and others similarly situated. Plaintiffs would show the assault and battery and negligence of the Defendant VanDertuin proximately caused the death of Cathey Jo Howard-Kalimah and the damages sustained by the Plaintiffs herein as will hereinafter be alleged with particularity.

## X.
## ACTUAL DAMAGES

19. As a direct and proximate result of the Defendants' conduct, Plaintiffs have suffered the following damages: (1) medical expenses reasonably incurred for the care and treatment of Cathey Jo Howard-Kalimah; (2) funeral and burial expenses for Cathy Howard-Kalimah; (3) physical pain and suffering and mental anguish sustained by Cathey Jo Howard-Kalimah prior to her death; (4) disfigurement sustained by Cathey Jo Howard-Kalimah prior to her death; (5) physical impairment sustained by Cathey Jo Howard-Kalimah prior to her death; (6) property damage; (7) loss

of earnings; (8) loss of earning capacity; (9) mental anguish; (10) loss of positive family relations; and (11) loss of consortium.

## XI.
## PUNITIVE DAMAGES

20. As to Plaintiffs' claims against Defendant VanDertuin and Defendant ADT, such acts or omissions were malicious as defined by state law and entitle the Plaintiffs to recover punitive or exemplary damages.

## XII.
## ATTORNEYS' FEES

21. It was necessary for the Plaintiffs to retain the undersigned attorneys to file and prosecute this civil action. Upon final judgment, Plaintiffs are entitled to an award of all their attorneys' fees and costs pursuant to 42 U.S.C. § 1988(b).

## XIII.
## PRAYER

PREMISES CONSIDERED, Plaintiffs pray the Defendants be cited in terms of law to appear and answer and that upon final hearing they recover judgment in the capacity stated against the Defendants, jointly and severally, for all actual damages sustained by them, for punitive damages against the Defendant VanDertuin and the Defendant ADT Security Services, Inc., for prejudgment and post judgment interest on his judgment, as provided by law, for all costs of this action including attorneys' fees, and for all other relief to which the Plaintiffs may show themselves entitled.

Respectfully submitted,

**LAW OFFICES OF R. JACK AYRES, JR.**

_____ by perm. Michael Smith
R. JACK AYRES, JR.
State Bar No. 01473000
Gil Daley, II
State Bar No. 00796428
4350 Beltway Drive
Addison, TX 75001
972-991-2222
972-386-0091 (Facsimile)

**SAYLES, LIDJI & WERBNER**
Richard A. Sayles
State Bar No. 17697500
John Conway
State Bar No. 00790494
4400 Renaissance Tower
1201 Elm Street
Dallas, TX 75270
214-939-8700
214-939-8787 (Facsimile)

**THE ROTH LAW FIRM, P.C.**
Carl R. Roth
State Bar No. 17312000
Michael Smith
State Bar No. 18650410
115 North Wellington, Suite 200
Marshall, TX 75671
903-935-1665
903-935-1797 (Facsimile)